## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BATIR NAZAROV**, on behalf of himself and all other similarly situated employees, known and unknown, | Civil Action |
| Plaintiff, | |
| v. | No. |
| **HI-TECH PAINTLESS DENT REPAIR, INC.** an Illinois corporation, and **MARK TSURKIS**, individually, | |
| Defendants. | JURY DEMAND |

## COMPLAINT

By and through his attorneys of record and on behalf of himself and all other similarly situated employees, known and unknown, the plaintiff, **BATIR NAZAROV** complains of the defendants, **HI-TECH PAINTLESS DENT REPAIR, INC.** ("HPDR"), an Illinois corporation, and **MARK TSURKIS** ("TSURKIS"). Pleading hypothetically and in the alternative, the Plaintiffs allege as follows:

## I.    INTRODUCTION

1.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and to other similarly situated employees of the defendants (the "Putative Class"). The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants failed and refused to pay him time-and-one-half overtime compensation for the hours he worked in excess of 40 in given weeks as the FLSA requires.

2.     Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day.  In Count I, the plaintiff brings claims under Section 216(b) of the FLSA.

3.     Additionally, the defendants routinely failed and refused to pay the plaintiff at a rate not less than both the applicable federal and Illinois minimum wage rates in given weeks.

4.     Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members at rates not less than both the federal and Illinois minimum wage rates, and continue this improper payroll practice through the present day.

5.     In Count II the plaintiff brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*

6.     At all times relevant to this action, the defendants intentionally misclassified the plaintiff as an independent contractor in order to circumvent the requirements of the FLSA and the IMWL.

7.     At all times relevant to this action, the defendants intentionally misclassified the Putative Class members as independent contractors in order to circumvent the requirements of the FLSA and the IMWL; and the defendants continue to intentionally misclassify the Putative Class members as independent contractors through the present day.

2

## II.  THE PARTIES

8.     The plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

9.     TSURKIS is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

10.    HPDR is an Illinois corporation that maintains a registered office in Illinois at 128 Center Avenue, Wheeling, IL 60090.

11.    At all times relevant to this action, TSURKIS was and is a corporate officer of HPDR.

12.    Upon information and belief, at all times relevant to this action, TSURKIS held and holds an ownership interest in HPDR.

13.    At all times relevant to this action, TSURKIS exercised and exercises significant control over HPDR's day-to-day affairs including its human resources and payroll functions.

## III.  JURISDICTION AND VENUE

14.    Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

15.    Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

16.    Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

3

## IV. GENERAL ALLEGATIONS

17. At all times relevant to this action, the defendants were the plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

18. At all times relevant to this action, the defendants were and are the Putative Class members' "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted/act directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

19. At all times relevant to this action, the defendants were the plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed him to perform work for their benefit.

21. At all times relevant to this action, the Putative Class members were and are "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed/allow them to perform work for their benefit.

4

22.    At all times relevant to this action, the plaintiff was an "employee" of the defendants within the meaning of Section 3(d) of the IMWL in that, among other things, the defendants allowed him to perform work for their benefit.

23.    At all times relevant to this action, the defendants owned and operated, and own and operate, a business commonly known as "Hi-Tech Paintless Dent Repair, Inc." within the Northern District of Illinois, which business sells goods and services the general public.

24.    HPDR had gross receipts in excess of $500,000.00 in: a) 2008; b) 2009; c) 2010; d) 2011; e) 2012; f) 2013; g) the twelve-month period between and including April 1, 2013 and March 31, 2014; and h) the twelve-month period between and including July 1, 2013 and June 30, 2014.

25.    During the course of his employment by the defendants, the plaintiff handled goods that moved in interstate commerce including but not limited to petroleum based cleaning solvents, carnuba wax, gasoline, tools and hardware.

26.    During the course of their employment by the defendants, the Putative Class members handled and handle goods that moved in interstate commerce including but not limited to petroleum based cleaning solvents, carnuba wax, gasoline, tools and hardware.

27.    During the course of their employment by the defendants, the plaintiff and the Putative Class members were and (as applicable) are not exempt from the minimum wage and maximum hour provisions of the FLSA.

28.    During the course of his employment by the defendants, the plaintiff was not exempt from the minimum wage and maximum hour provisions of the IMWL.

5

## COUNT I
### (Violation of the FLSA)

29.     The plaintiff hereby re-alleges the foregoing paragraphs.

30.     Among other ways, the defendants violated the FLSA by:

   a.  failing to pay the plaintiff for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

   b.  failing to pay the plaintiff at a rate not less than the applicable, federal minimum wage rate;

   c.  failing to accurately record the number of hours the plaintiff worked each week;

   d.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

   e.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

31.     Upon information and belief, the defendants also violated the FLSA by:

   a.  failing to pay the Putative Class members for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed;

   b.  failing to pay the Putative Class members at rates not less than the applicable, federal minimum wage rate;

   c.  failing to accurately record the number of hours the Putative Class members worked/work each week;

   d.  failing to provide the Putative Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

   e.  failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

32.    The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

33.    The defendants' practice of paying the plaintiff and the Putative Class members in cash, rather than by payroll check, showcases the willful nature of the violation.

34.    The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the plaintiff, on behalf of himself and the Putative Class, prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rates at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the federal minimum rate;

C. statutory liquidated damages as allowed by the FLSA;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## COUNT II
## (Violation of the IMWL)

35.     The plaintiff re-alleges the foregoing paragraphs.

36.     Among other ways, the defendants violated the IMWL by:

    a.  failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

    b.  failing to pay the plaintiff at rate not less than the applicable, Illinois minimum wage rate;

    c.  failing to accurately record the number of hours the plaintiff worked each week;

    d.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

    e.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

37.     The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

38.     The defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

39.     Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

WHEREFORE the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief:

    A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate.

C. statutory penalties as allowed by the IMWL;

D. interest on all amounts awarded;

E. attorneys' fees, together with costs of suit and collection; and

F. such further relief as may be fair and just in the premises.

## JURY DEMAND

The plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

Respectfully submitted,

/s/Fedor Kozlov
One of the Plaintiff's Attorneys

Fedor Kozlov, Esq.
Law Offices Of Kozlov & Bogdanov
1990 E. Algonquin Road, Suite 230
Schaumburg, IL 60173
(847)-241-1299

Paul Luka, Esq.
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 236-9825

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages the Law Offices of Fedor Kozlov, P.C., and the Law Office of Paul Luka, P.C., to pursue his/her claims for unpaid wages, and other relief, against Hi-Tech Paintless Dent Repair, Inc and Mark Tsurkis, and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).


_____
Signature


**BATIR NAZAROV**
Print Name