IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BATIR NAZAROV**, on behalf of himself and all other similarly situated employees, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.     14 cv 7467 |
| v. | ) ) ) | Judge St. Eve |
| **HI-TECH PAINTLESS DENT REPAIR, INC.**, an Illinois corporation, and **MARK TSURKIS**, Individually, | ) ) ) ) | Magistrate Judge Gilbert |
| Defendants. | | |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Hi-Tech Paintless Dent Repair, Inc. ("HPDR") and Mark Tsurkis ("Tsurkis"), by and through their attorneys, Klein Dub & Holleb, Ltd., answer the Complaint in the above-captioned matter and affirmatively state as follows:

## I.    INTRODUCTION

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, as a result of the defendants' failure to pay overtime compensation to the plaintiff, and to other similarly situated employees of the defendants (the "Putative Class"). The plaintiff routinely worked in excess of 40 hours per week for the defendants, but the defendants failed and refused to pay him time-and-one-half overtime compensation for the hours he worked in excess of 40 in given weeks as the FLSA requires.

**ANSWER:**

**Defendants admit only that Plaintiff purports to bring claims alleging violations of the FLSA on behalf of a putative class. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 1 of the Complaint.**

2. Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members time-and-one-half overtime compensation for the hours they worked in excess of 40 in given weeks as well, and continue this improper payroll practice through the present day. In Count I, the plaintiff brings claims under Section 216(b) of the FLSA.

**ANSWER:**

**Defendants admit only that Plaintiff purports to bring a claim under Section 216(b) of the FLSA. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 2 of the Complaint.**

3. Additionally, the defendants routinely failed and refused to pay the plaintiff at a rate not less than both the applicable federal and Illinois minimum wage rates in given weeks.

**ANSWER:**

**Defendants deny the allegations in Paragraph 3 of the Complaint.**

4. Upon information and belief, the defendants routinely failed and refused to pay the Putative Class members at rates not less than both the federal and Illinois minimum wage rates, and continue this improper payroll practice through the present day.

**ANSWER:**

**Defendants deny the allegations in Paragraph 4 of the Complaint.**

5. In Count II the plaintiff brings supplemental claims under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*

**ANSWER:**

**Defendants admit only that Plaintiff purports to bring a supplemental claim alleging violations of the IMWL. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 5 of the Complaint.**

6. At all times relevant to this action, the defendants intentionally misclassified the plaintiff as an independent contractor in order to circumvent the requirements of the FLSA and the IMWL.

**ANSWER:**

**Except to admit Plaintiff was an independent contractor, Defendants deny the remaining allegations in Paragraph 6 of the Complaint.**

7. At all times relevant to this action, the defendants intentionally misclassified the Putative Class members as independent contractors in order to circumvent the requirements of the FLSA and the IMWL.

**ANSWER:**

**Except to admit Plaintiff was an independent contractor, Defendants deny the remaining allegations in Paragraph 7 of the Complaint.**

## II.   THE PARTIES

8. The plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

**ANSWER:**

**Defendants admit the allegations in Paragraph 8 of the Complaint.**

9. TSURKIS is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

**ANSWER:**

**Defendants admit the allegations in Paragraph 9 of the Complaint.**

10. HPDR is an Illinois corporation that maintains a registered office in Illinois at 128 Center Avenue, Wheeling, IL  60090.

**ANSWER:**

**Defendants admit the allegations in Paragraph 10 of the Complaint.**

11. At all times relevant to this action, TSURKIS was and is a corporate officer of HPDR.

**ANSWER:**

**Defendants admit the allegations in Paragraph 11 of the Complaint.**

12. Upon information and belief, at all times relevant to this action, TSURKIS held and holds an ownership interest in HPDR.

**ANSWER:**

**Defendants admit the allegations in Paragraph 12 of the Complaint.**

13. At all times relevant to this action, TSURKIS exercised and exercises significant control over HPDR's day-to-day affairs including its human resources and payroll functions.

**ANSWER:**

**Defendants deny the allegations in Paragraph 13 of the Complaint.**

**III.   JURISDICTION AND VENUE**

14. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

**ANSWER:**

**Defendants admit the Court has federal question jurisdiction over claims arising under the FLSA. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 14 of the Complaint.**

15. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this court by 28 U.S.C. §1367(a).

**ANSWER:**

**Defendants admit the Court has supplemental jurisdiction over claims arising under the IMWL. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 15 of the Complaint.**

16. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

**ANSWER:**

**Defendants admit this Court is a proper venue for the claims alleged in the Complaint. Defendants deny Plaintiff is entitled to any relief in this matter and denies the remaining allegations in Paragraph 16 of the Complaint.**

### IV. GENERAL ALLEGATIONS

17. At all times relevant to this action, the defendants were the plaintiff's "employer," within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**

**Defendants deny the allegations in Paragraph 17 of the Complaint.**

18. At all times relevant to this action, the defendants were and are the Putative Class members' "employer," within the meaning of Section 3(a) and (d) of the FLSA in that the defendants acted/act directly or indirectly in the interest of the "employer" in relation to the employee plaintiff/s represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**

**Defendants deny the allegations in Paragraph 18 of the Complaint.**

19. At all times relevant to this action, the defendants were the plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the defendants acted directly or indirectly in the interest of the "employer" in relation to the plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

**ANSWER:**

**Defendants deny the allegations in Paragraph 19 of the Complaint.**

20. At all times relevant to this action, the plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed him to perform work for their benefit.

**ANSWER:**

**Defendants deny the allegations in Paragraph 20 of the Complaint.**

21. At all times relevant to this action, the Putative Class members were and are "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA in that, among other things, the defendants allowed/allow them to perform work for their benefit.

**ANSWER:**

**Defendants deny the allegations in Paragraph 21 of the Complaint.**

22. At all times relevant to this action, the plaintiff was an "employee" of the defendants within the meaning of Section 3(d) of the IMWL, in that, among other things, the defendants allowed him to perform work for their benefit.

**ANSWER:**

**Defendants deny the allegations in Paragraph 22 of the Complaint.**

23. At all times relevant to this action, the defendants owned and operated, and own and operate, a business commonly known as "Hi-Tech Paintless Dent Repair, Inc." within the Northern District of Illinois, which business sells goods and services the general public.

**ANSWER:**

**Defendants admit the allegations in Paragraph 23 of the Complaint.**

24. HPDR had gross receipts in excess of $500,000.00 in: a) 2008; b) 2009; c) 2010; d) 2011; e) 2012; f) 2013; g) the twelve-month period between and including April 1, 2013 and March 31, 2014; and h) the twelve-month period between and including July 1, 2013 and June 30, 2014.

**ANSWER:**

**Defendants admit the allegations in Paragraph 24 of the Complaint.**

25. During the course of his employment by the defendants, the plaintiff handled goods that moved in interstate commerce including, but not limited to, petroleum-based cleaning solvents, carnuba wax, gasoline, tools and hardware.

**ANSWER:**

**Except to deny Plaintiff ever was an employee of Defendants, Defendants admit that in Plaintiff's status as an independent contractor, Plaintiff handled goods of Defendants that moved in interstate commerce.**

26. During the course of their employment by the defendants, the Putative Class members handled and handle goods that moved in interstate commerce including, but not limited to, petroleum-based cleaning solvents, carnuba wax, gasoline, tools and hardware.

**ANSWER:**

**Except to deny the putative class ever were employees of Defendants, Defendants admit that in the putative class's status as independent contractors, the putative class handled goods that moved in interstate commerce.**

27. During the course of their employment by the defendants, the plaintiff and the Putative Class members were and (as applicable) are not exempt from the minimum wage and maximum hour provisions of the FLSA.

**ANSWER:**

**Defendants deny the allegations in Paragraph 27 of the Complaint.**

28. During the course of his employment by the defendants, the plaintiff was not exempt from the minimum wage and maximum hour provisions of the IMWL.

**ANSWER:**

**Defendants deny the allegations in Paragraph 28 of the Complaint.**

<u>**COUNT I**</u>
**(Violation of the FLSA)**

29. The plaintiff hereby re-alleges the foregoing paragraphs.

**ANSWER:**

**Defendants repeat and realleged their answers to Paragraphs 1-28 as their answer to Paragraph 29.**

30. Among other ways, the defendants violated the FLSA by:

    a. failing to pay the plaintiff for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which he was employed;

    b. failing to pay the plaintiff at a rate not less than the applicable, federal minimum wage rate;

    c. failing to accurately record the number of hours the plaintiff worked each week;

    d. failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week; and

    e. failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

**ANSWER:**

**Defendants deny the allegations in Paragraph 30 of the Complaint.**

31. Upon information and belief, the defendants also violated the FLSA by:

    a. failing to pay the Putative Class members for certain overtime (in excess of 40 in any given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which they were/are employed.

    b. failing to pay the Putative Class members at rates not less than the applicable, federal minimum wage rate;

    c. failing to accurately record the number of hours the Putative Class members worked/work each week;

    d. failing to provide the Putative Class members with pay stubs that accurately listed/list the number of hours they worked/work each week; and

    e. failing to provide the Putative Class members with pay stubs that accurately listed/list their hourly rates of pay.

**ANSWER:**

**Defendants deny the allegations in Paragraph 31 of the Complaint.**

32. The defendants' violation of the FLSA was willful in that the defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

**ANSWER:**

**Except to admit Defendants were aware of their obligations under the FLSA, Defendants deny the remaining allegations in Paragraph 32 of the Complaint.**

33. The defendants' practice of paying the plaintiff and the Putative Class members in cash, rather than by payroll check, showcases the willful nature of the violation.

**ANSWER:**

**Defendants deny the allegations in Paragraph 33 of the Complaint.**

34. The defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

**ANSWER:**

**Defendants deny the allegations in Paragraph 34 of the Complaint.**

WHEREFORE, the plaintiff, on behalf of himself and the Putative Class, prays for judgment in his favor and against the defendants, and each of them, and for the following relief;

- A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one-and-one-half times the regular rates at which the plaintiffs were employed (in no case less than one-and-one-half times the IMWL's mandatory minimum rate);

- B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the federal minimum rate;

- C. statutory liquidated damages as allowed by the FLSA;

- D. interest on all amounts awarded;

  E.  attorneys' fees, together with costs of suit and collection; and

  F.  such further relief as my be fair and just in the premises.

**ANSWER:**

**Defendants deny Plaintiff is entitled to the relief requested or any relief whatsoever.**

## COUNT II
### (Violation of the IMWL)

  35.  The plaintiff re-alleges the foregoing paragraphs.

**ANSWER:**

**Defendants repeat and realleged their answers to Paragraphs 1-34 as their answer to Paragraph 35.**

  36.  Among other ways, the defendants violated the IMWL by:

  a.  failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which he was employed;

  b.  failing to pay the plaintiff at rate not less than the applicable, Illinois minimum wage rate;

  c.  failing to accurately record the number of hours the plaintiff worked each week;

  d.  failing to provide the plaintiff with pay stubs that accurately listed the number of hours he worked each week and

  e.  failing to provide the plaintiff with pay stubs that accurately listed his hourly rate of pay.

**ANSWER:**

**Defendants deny the allegations in Paragraph 36 of the Complaint.**

  37.  The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

**ANSWER:**

**Except to admit that Defendants were aware of their obligations under the IMWL, Defendants deny the remaining allegations in Paragraph 37 of the Complaint.**

38. The defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

**ANSWER:**

**Except to admit that Defendants were aware of their obligations under the IMWL, Defendants deny the remaining allegations in Paragraph 38 of the Complaint.**

39. Each plaintiff who joins this action in the future will specifically adopt the allegations in this Count II.

**ANSWER:**

**Defendants deny the allegations in Paragraph 39 of the Complaint.**

WHEREFORE, the plaintiff prays for judgment in his favor and against the defendants, and each of them, and for the following relief;

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at rates equal to or greater than one-and-one-half times the regular rate at which the plaintiffs were employed (in no case less than one-and-one-half time the IMWL's mandatory minimum rate);

B. damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the IMWL's mandatory minimum rate;

C. statutory penalties as allowed by the IMWL;

D. interest on all amounts awarded;

11

  E.  attorneys' fees, together with costs of suit and collection; and

  F.  such further relief as may be fair and just in the premises.

**ANSWER:**

**Defendants deny Plaintiff is entitled to the relief requested or any relief whatsoever.**

## AFFIRMATIVE AND OTHER DEFENSES

  1.  Plaintiffs and any potential opt-ins have failed, in whole or in part, to state a claim upon which relief can be granted in that there has been no violation of the FLSA.

  2.  Plaintiff was an independent contractor and was not entitled to overtime compensation under the FLSA.

  3.  Plaintiff was properly treated as an independent contractor based upon the list of factors recognized by the Internal Revenue Service and the FLSA economic realities test to be classified as an independent contractor.

  4.  Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, because Plaintiffs if they are deemed to be employees, are exempt from the overtime provisions of the FLSA under one or more of the exemptions set forth in Section 13(a) of the FLSA, including but not limited to, the Section 7(i) exemption for retail or service establishments and the exemption for payment pursuant to a bona fide commission plan.

  5.  Defendants acted in good faith and with reasonable grounds to believe that such conduct and compliance comported with applicable laws and the FLSA laws, regulations, and/or interpretation of same.

6. Defendants acted in good faith, in conformity with, and in reliance on, laws, regulations, rulings, orders, approvals, legal advice, interpretations, and/or administrative practices or policies.

7. Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. §216(b) because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined potential opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

8. Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of each Plaintiff's claims and the claims of each potential opt-in/class member and each of Defendants' defenses is required.

9. Plaintiffs' claims and the claims of any individuals Plaintiffs seek to represent are barred, in whole or in part, by the applicable statute of limitations.

10. Plaintiff's claims and the claims of any individuals Plaintiff seeks to represent are subject to the doctrines of unclean hands and waiver because Plaintiff and the punitive class signed independent contractor agreements, operated as employees through separate and independent corporations and they reported their taxes as if they were independent contractors and not as employees of Defendant Hi-Tech Paintless Dent Repair, Inc.

11. Plaintiff's claims and the claims of any individuals Plaintiff seek to represent are subject to the doctrine of estoppel because they signed independent contractor agreements and operated as independent contractors and not employees.

Hi-Tech Paintless Dent Repair, Inc. reserves the right to amend this Answer and add additional defenses as discovery may warrant.

13

Dated: March 11, 2015	Respectfully submitted,

**HI-TECH PAINTLESS DENT REPAIR, INC. and MARK TSURKIS**


By: s/Davi L. Hirsch
    Davi L. Hirsch

DAVI L. HIRSCH
JOSHUA D. HOLLEB
KLEIN DUB & HOLLEB, LTD.
660 LaSalle Place, Suite 100
Highland Park, IL 60035
Telephone: (847) 681-9100
Fax: (847) 681-1600
dhirsch@labor-law.com
jdh@labor-law.com

PETER SWAN
MICHAEL SHACTER
EMALFARB, SWAN & BAIN
440 Central Avenue
Highland Park, IL  60035
Telephone: (847) 432-6900

14

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing **Defendants' Answer to Complaint and Affirmative Defenses** was served upon:

> Fedor Kozlov, Esq.
> LAW OFFICES OF KOZLOV & BOGDANOV
> 1990 E. Algonquin Road, Suite 230
> Schaumburg, IL 60173
>
> and
>
> PAUL LUKA, Esq.
> 120 S. State Street, Suite 400
> Chicago, IL 60603

*via* Electronic Court Filing system, on this 11th day of March, 2015.

> s/Davi L. Hirsch
> Davi L. Hirsch